IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

01 JUL 23 PM 3: 21

| | |
|---|---|
| DAVID LUCAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CV 01-N-1319-S |
| | ) |
| ASSISTANT WARDEN BULLARD, | ) |
| | ) |
| Defendant. | ) |

ENTERED
JUL 23 2001

MEMORANDUM OF OPINION

The magistrate judge filed a report and recommendation on June 26, 2001, recommending that this action filed pursuant to 42 U.S.C. § 1983 be dismissed for failing to state a claim for which relief can be granted under 28 U.S.C. § 1915A(b). The plaintiff filed objections to the report and recommendation on July 12, 2001.

Plaintiff argues that the recommendation of the magistrate judge prior to ordering the defendant to answer his complaint denies him an opportunity to develop his case. In order to dispute the conclusions reached by the magistrate judge, plaintiff attempts to distinguish his situation from that of the plaintiff in *Sandin v. Conner*, 515 U.S. 472, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995), by pointing out that Inmate Conner was allowed a hearing prior to his confinement in segregation, and claims that the different forms of confinement in Conners' case were comparable where those at William E. Donaldson Correctional Facility (WEDCF) are not. Plaintiff maintains that the recommendation of the magistrate judge, based solely on plaintiff's complaint, has not allowed for a comparison of "house arrest" at WEDCF and other forms of disciplinary confinement. Plaintiff



states that inmates are placed in house arrest without notice, a hearing, any type of due process proceeding, and that "house arrest" is unique to WEDCF. These are apparently the major differences in the conditions of the various types of confinement at WEDCF. Even without comparing the various forms of disciplinary confinement, the court can conclude that eight days in house arrest without three hot meals a day, phone, visitation, or library privileges, does not represent an atypical and significant hardship on plaintiff in relation to ordinary incidents of prison life. *See Meachum v. Fano*, 427 U.S. 215, 222, 96 S. Ct. 2532, 49 L. Ed. 2d 451 (1976). The Due Process Clause does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner. *Id.* at 221-22.

Plaintiff argues that he was placed in house arrest solely because he exercised his constitutional right to free speech, not because he violated any rule or regulation of WEDCF. Plaintiff stresses to the court that the officer against whom his complaint is made violated agency rules and regulations when he used "profane or abusive language" in talking to the plaintiff. Plaintiff quickly pointed out to the officer that he was not supposed to do that and was disciplined as a result. Clearly, an inmate does not have a constitutionally protected right to verbally correct the behavior or speech of a prison guard.

It is plaintiff's position that the magistrate judge has violated the Fed. R. Civ. P. 7 by making his report and recommendation solely on the basis of the complaint filed by him and not requiring an answer from the defendant. Plaintiff is reminded that the Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, § 804, 110 Stat. 1321, and 28 U.S.C. § 1915A, requires this court to screen complaints filed by prisoners against officers or employees of governmental entities and to dismiss the complaint or any portion of the complaint that it finds frivolous, malicious, fails to state a claim

upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. While the former 28 U.S.C. § 1915(d) permitted the court to dismiss claims *sua sponte* only if the court found them frivolous or malicious, the new Section 1915A directs the court, in effect, to make and rule on its own motion to dismiss the complaint prior to service.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the Court is of the opinion that the magistrate judge's report is due to be and is hereby ADOPTED and the recommendation is ACCEPTED. Accordingly, the complaint is due to be dismissed for failing to state a claim for which relief can be granted pursuant to 28 U.S.C. § 1915A(b). A Final Judgment will be entered.

DATED this 23rd day of July, 2001.

EDWIN L. NELSON
UNITED STATES DISTRICT JUDGE